IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| RUDY MARCELINO,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF IOWA CITY, ET. AL.,<br><br>  Defendant. | Law No. _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW Plaintiff, RUDY MARCELINO, by and through the undersigned attorney, and for Plaintiff's Petition at Law and Jury Demand states as follows:

## **PARTIES**

1. At all times material herein, Plaintiff Rudy Marcelino was a resident of Iowa City, IA, Johnson County, Iowa.

2. At all times material herein, Defendant, Iowa City, IA, was a municipality of Iowa. The Iowa City Police Department (hereinafter ICPD) is a department of said municipality.

3. Plaintiff is also naming the following individual officers as defendants in their private capacity for their roles in the events set forth below while they were employed by the ICPD: Dan Roth, Jessica Lakose, Keil Fuchs, Dennis Kelly.

EXHIBIT "A"

## VENUE

4. Venue is proper in Johnson County under Iowa Code § 616.18 as this action arises as a result of Constitutional violations and personal injuries caused by the Defendants in Iowa City, IA 52240.

## COMMON FACTS

5. On or about July 9, 2019, Plaintiff Rudy Marcelino made a Facebook post that caused one of his online "Facebook friends" to alert the ICPD.

6. At approximately 8:00 p.m., on July 9, 2019, Officers Roth and Fuchs responded to Plaintiff's residence.

7. Marcelino discussed the Facebook post with Officers Roth and Fuchs, who cleared the call.

8. "Moments later," according to Officer Roth, he received a call from Sgt. Sanda Trestian with the University of Iowa Police Department.

9. Officers Roth and Fuchs then contacted assistant county attorney, Michael Brennan for advice.

10. Brennan suggested the officers arrest Marcelino for Harassment in the Third degree, a simple misdemeanor, and then obtain a search warrant for Marcelino's home.

11. Officers Roth and Fuchs did not follow Brennan's advice, but relayed it to Sgt. Trestian.

12. At no point during July 9, 2019, did the ICPD or University of Iowa Police Department have a search or arrest warrant for Marcelino.

13. The ICPD returned to Marcelino's home at around 10:30 p.m.

14. Marcelino was sleeping and refused to have any further interaction with the ICPD because they had already discussed the situation earlier.

15. The ICPD set-up a "perimeter," would not leave, and then began to call Marcelino's cell phone.

16. Having no other choice, Marcelino came outside on the condition that he "voluntarily" have a psych. evaluation done at UIHC's emergency department.

17. Marcelino requested to go back inside his apartment, alone, to shut off the lights. His request was denied, and Officers accompanied him back inside to turn off the lights.

18. Officers claim they smelled marijuana inside the residence.

19. UIHC Emergency Room doctors and staff indicate that Marcelino was "in custody."[1]

20. While at the Emergency Room, the ICPD did not give Marcelino privacy. Various portions of the ER visit were videotaped.

21. The ICPD provided information to UIHC doctors and staff.

22. UIHC doctors then treated Marcelino like an inmate, depriving him of his HIPAA rights, and accepting the ICPD's version of events, which apparently did not include the fact that they had cleared the call earlier.

---

[1] Marcelino has a pending State Tort Claim pending with the Iowa Board of Appeals for the alleged acts of UIHC staff. Marcelino may seek to add parties to this Petition when he has exhausted administrative remedies.

23. The ICPD did not inform UIHC ER staff that Marcelino was not under arrest.

24. UIHC staff did not ask Marcelino questions about the Facebook post, obtain informed consent, or treat him with the standard of care expected of medical doctors.

25. UIHC Staff, apparently at the request of ICPD, attempted to force Marcelino to provide a blood and/or urine sample.

26. UIHC staff, in connection with the ICPD, refused to allow Marcelino to use the bathroom, resulting in embarrassment to him.

27. Ultimately, UIHC ER staff did not find Marcelino to require hospitalization or commitment, and they released him back to ICPD custody.

28. No civil commitment procedures were initiated against Marcelino on July 9 (or ever).

29. After the "medical examination," the ICPD arrested and charged Marcelino with "Terrorism," without an arrest warrant.

**Count 1: Unreasonable Search and Seizure, Art. I, Sec. 8, Iowa Constitution against the City of Iowa City.**

30. Plaintiff repleads paragraphs 1-28.

31. Article One, Section Eight, of the Iowa Constitution guarantees Marcelino the right to be free from unreasonable searches and seizures.

4

32. The City of Iowa City, through its officers, acting within the scope of their employment, violated Marcelino's rights under the Iowa Constitution when they took him into custody at his home, searched him, and invaded his privacy (search) of his medical condition at UIHC's ER, without his consent to release private health information.

33. The Iowa City Police Department, through its officers acting within the scope of their employment, should have known that no probable cause existed for an arrest, that they did not have an arrest or search warrant, and that no exceptions to the warrant requirements applied.

34. The ICPD should have known that without a warrant, and because they did not place Marcelino under arrest, they had no authority to enter his home with him to turn off the lights.

35. As a direct and proximate result of Defendant's acts, Marcelino has suffered and will suffer past and future emotional harm, anguish, anxiety, fear, depression, loss of enjoyment of life, degradation, disgrace, uncertainty, apprehensiveness, grief, restlessness, dismay, tension, unease, pain and suffering, consequential damages and actual and compensatory damages.

**Count 2: Unreasonable Search and Seizure, Fourth Amendment, U.S. Constitution, 42. U.S.C. § 1983 against the Officers in their Individual Capacities.**

36. Plaintiff repleads paragraphs 1-34.

37. At all times material hereto, ICPD Officers named in paragraph 3 were acting under color of State law.

38. The Fourth Amendment to the U.S. Constitution guarantees Marcelino's right to be free from unreasonable searches and seizures.

39. ICPD Officers named in paragraph 3 violated Marcelino's Fourth Amendment Rights by detaining him without probable cause, without a warrant, and unreasonably.

40. Defendants knew or should have known they were violating Marcelino's Fourth Amendment rights.

41. The actions of the defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of Marcelino, justifying an award of punitive damages.

42. As a direct and proximate result of Defendant's acts, Marcelino has suffered and will suffer past and future emotional harm, anguish, anxiety, fear, depression, loss of enjoyment of life, degradation, disgrace, uncertainty, apprehensiveness, grief, restlessness, dismay, tension, unease, pain and suffering, consequential damages and actual and compensatory damages.

**Count 3: Conspiracies against City of Iowa City (ICPD)**

43. Plaintiff repleads paragraphs 1-42 herein.

44. The Officers named in paragraph 3 conspired with UIPD Sgt. Trestian to violate:

    a. Marcelino's Fourth Amendment Rights and rights under the Iowa Constitution regarding unreasonable searches and seizures,

    b. The right to due process and the protections contained in the Iowa Code concerning civil commitment (Chapter 229), and

    c. Marcelino's rights to informed consent concerning medical care, the right to refuse treatment, and the right to competent medical care.

45. The Officers named in paragraph 3 conspired with UIHC medical staff to violate:

    a. the right to due process and the protections contained in the Iowa Code concerning civil commitment (Chapter 229), and

    b. Marcelino's rights to informed consent concerning medical care, HIPAA privacy rights, the right to refuse treatment, and the right to competent medical care.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants for such sums as the jury deems to fully, fairly and adequately compensate him for his damages and injuries, punitive damages in the Counts allowed by law, attorney's fees as provided by Iowa Law and 42 U.S.C. § 1983, for interest on the judgment in the maximum provided by law, for costs of this action, as well as any other relief as may be deemed just and equitable in the premises.

**JURY DEMAND**

Comes now, the Plaintiff, by and through his undersigned attorney, and hereby requests a trial by jury on all issues involved herein.

Respectfully submitted,

____/s/_____
Dan Vondra
AT0008084
Vondra Law Office PLC
745 Community Dr., Unit C
North Liberty, IA 52317
(319) 438-2888
dan@vondralawoffice.com
**ATTORNEY FOR PLAINTIFF**